**SO ORDERED.**

**SIGNED this 13 day of August, 2007.**



_____
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

OPINION DESIGNATED FOR ELECTRONIC USE BUT NOT FOR PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

CHRISTOPHER JOSEPH SEFERYN,

DEBTOR.

CASE NO. 05-26556
CHAPTER 7

MEMORANDUM OPINION AND ORDER
DENYING OBJECTION TO EXEMPTION OF IRA

The matters before the Court are cross motions for summary judgment on the objection of Missouri Building, LLC to Debtor's exemption of his IRA account. Creditor Missouri Building, LLC ("Creditor") appears by Stuart E. Bodker and Louis J. Wade of McDowell, Rice, Smith & Buchanan, P.C. Debtor Christopher Seferyn ("Debtor") appears by Cynthia F. Grimes of Grimes & Rebein, L.C. There are no other appearances. The Court has jurisdiction.[1]

---

[1] This Court has jurisdiction pursuant to 28 U.S.C.§ 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy Judges all matters under the Bankruptcy Code and all proceedings

**ISSUE PRESENTED AND POSITIONS OF THE PARTIES.**

Debtor filed for relief on October 14, 2005,[2] and in his Schedule C claimed as exempt an IRA entitled "Bank of Onaga IRA," valued in excess of 1.1 million dollars. On January 4, 2006, Creditor objected to exemption of the IRA on the basis that "[u]pon information and belief, the assets to [sic] not appear to be property placed within and subject to protection of an IRA."[3] The IRA holds assets previously held by an ESOP, of which Debtor was a 50% shareholder. The creation of the IRA is best explained by a memorandum of counsel Todd A. Campbell, of Renkenmeyer Campbell & Weaver, LLP, dated December 1, 2005, addressed to the Trustee of the United States Bankruptcy Court,[4] explaining the business structure as it pertains to Debtor. It states the following regarding the liquidation of the ESOP:

> In 2004, the Internal Revenue Service ("IRS") issued Revenue Ruling 2004-4, attached as Exhibit B, to limit the tax benefits of ESOPs maintained by S-Corps with less than 10 independent owners. At the time this Revenue Ruling was published, Rook and Seferyn each owned 50% of the shares of an ESOP. The ESOP, at this time, only had two shareholders. Due to the amount of shareholders, the ESOP was required to be dissolved or to be

---

arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. An objection to an exemption is a core proceeding which this Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(B). There is no objection to venue or jurisdiction over the parties.

[2] This case was filed before October 17, 2005, when most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 become effective. All statutory references to the Bankruptcy Code are to 11 U.S.C. §§ 101 - 1330 (2004), unless otherwise specified. All references to the Federal Rules of Bankruptcy Procedure are to Fed. R. Bankr. P. (2004), unless otherwise specified.

[3] Doc. 10.

[4] This memorandum is not under oath, but both parties, without objection from the other, cite to the memorandum in support of their respective statements of uncontroverted facts. At summary judgment, as well as trial, the absence of timely objection allows a court to consider otherwise inadmissable materials. *Catrett v. Johns-Manville Sales Corp.*, 826 F.2d 33, 38 n.10 (D.C. Cir. 1987) citing 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2722, at 60-61 (2d ed. 1983).

2

>rolled over into another qualified retirement plan as defined by ERISA.
>
>On December 31, 2004, the ESOP was liquidated and rolled over into another ERISA qualified retirement plan, an IRA held at the First Trust of Onaga. The ESOP held on to the shares of the Company until the IRA was established and until a complete rollover could occur (once all documents had been executed and a fair market value could be placed on the assets of the company). Once the IRA was established, the ESOP transferred shares into the new IRA. Assets were transferred directly from one qualified plan to another.

The court ordered discovery to be completed by September 29, 2006.[5] On December 14, 2006, Creditor moved for summary judgment,[6] arguing that the IRA is not exempt because it was funded with assets rolled over from an ESOP which did not comply with applicable provisions of the Internal Revenue Code ("IRC"). Debtor responded to the motion for summary judgment[7] and moved for summary judgment.[8] *Creditor did not respond to Debtor's motion for summary judgment.* The matter was placed under advisement on March 1, 2007. On March 28, 2007, Creditor's counsel by letter to the Court advised it of a March 12, 2007, Fifth Circuit decision "bearing on this case." On May 23, 2007, a status conference was held at which counsel responded to the Court's questions regarding their positions on the summary judgment motions.[9]

---

[5] Doc. 62.

[6] Doc. 80, filed December 14, 2006.

[7] Doc. 94, filed February 7, 2007, after entry of appropriate orders extending the time to respond to Creditor's motion.

[8] *Id.*

[9] By letter to the Court dated June 7, 2007, Creditor's counsel submitted additional authorities and argument. The additional submission was not requested by the Court, counsel did not seek leave to provide additional arguments and authorities out of time. The letter was submitted four months after the filing of Debtor's motion for summary judgment on February 7, 2007. *See* Bankr. D. Kan. L.R. 7056.1(f) (a party

3

**FINDINGS OF UNCONTROVERTED FACTS.**

      **A. Uncontroverted Facts in Support of Creditor's Motion for Summary Judgment.**

      The Creditor submitted few facts in support of its motion, and some of those facts submitted were properly controverted. The uncontroverted facts relied upon by Creditor are the following.

      Debtor filed for relief under Chapter 7 on October 14, 2005. Debtor claimed his IRA as exempt, and on January 4, 2006, Creditor objected to Debtor's exemptions, including the IRA. On February 28, 2006, Creditor filed its proof of claim for $96,686.84.

      The value of the IRA account is $1,127,340.50. The assets of the IRA include 48% of Sagio Acquisitions, LLC. The other interests in Sagio are held 48% by Vince Rook's IRA, 2% by Debtor's brother, 1% by Debtor individually, and 1% by Vince Rook individually. The assets in the IRA are assets that were in the ESOP and then distributed to the IRA.

      The IRS issued its Final Favorable Determination of the ESOP by letter dated March 13, 2002. Debtor and Rook were each a 50% owner of the shares of the ESOP. Volo Holdings was owned by the ESOP. Debtor and Rook determined the salaries received by them from Volo Holdings. Debtor and Rook were the only employees of Volo to comply with the IRS participation requirements. During the period of the ESOP, Volo holdings or its subsidiaries paid for housing, insurance, car, auto insurance, health insurance, utilities, basic utilities, and housing of Debtor. On or about December 31, 2004, the ESOP was liquidated and rolled over

---

shall have 23 days to file a response to a motion for summary judgment). In addition, unlike the March 28, 2007, letter which the Court will consider, the June 7 letter does not present newly discovered matters which could not have been included in Creditor's timely pleadings. The June 7 letter will not be considered when ruling on the pending motions.

4

into the IRA. There is no record evidence of the appropriate government agency approving the termination of the ESOP.

**B. Additional uncontroverted facts in support of Debtor's cross motion for summary judgment.**[10]

When responding to Creditor's motion and moving for summary judgment, Debtor submitted additional statements of fact. Creditor did not respond and did not controvert any of these statements. At the status conference, counsel for Creditor stated he agreed with Debtor's additional statements of facts.[11] These additional facts are as follows.

The ESOP was offered only to employees of Volo Holdings, which employed Debtor and Vince Rook. Debtor contributed stock to the ESOP. The ESOP owned Atticus, LLC, which in turn owned underlying LLCs. Debtor and Rook were the only employees of Volo who complied with the IRS requirements for participation in the ESOP. The ESOP was formed in compliance with Federal and state law. The ESOP did not lend money to the Debtor, did not pay Debtor's living expenses, filed all of the proper reports with the Department of Labor, and had an official annual meeting.

The assets of the ESOP were liquidated and the proceeds rolled over into the IRA, for which the Bank of Onaga is custodian. Debtor initiated the rollover on the advice of counsel, Renkenmeyer Campbell & Weaver, LLP, because the IRS had made a determination that there might be negative tax ramifications from certain ESOPs. The IRA was set up through Debtor's attorneys. The value of the IRA was determined using values of real estate, balance sheets,

---

[10] The Court construes Debtor's additional facts as offered to support his cross motion for summary judgment and not in opposition to Creditor's motion.

[11] Tr. May 23, 2007, p. 7.

5

Case 05-26556    Doc# 102    Filed 08/13/07    Page 5 of 14

income statements, and an arm-length transaction whereby some people who bought into the new structure. The bank sent a letter approving the IRA and sent quarterly and annual statements regarding the IRA.

Debtor is still an employee of Volo Holdings, which has a management contract with a related entity. As an employee of a small business, Debtor does "anything that needs to be done." Volo pays Debtor a salary that in a set amount, but the amount changes all the time depending on how well "we're doing at the company." In addition to salary, Volo pays for Debtor and the other employee's basic living expenses. The IRA has not paid any of Debtor's living expenses. None of the entities had ever made loans to the Debtor.

**ANALYSIS.**

    **A. Creditor's Motion for summary judgment is denied.**

Creditor, as a party objecting to exemptions, has the burden of proving the exemptions are not properly claimed.[12] Creditor is entitled to summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the [Creditor] is entitled to judgment as a matter of law."[13] In this case, although the material facts are not in dispute, Creditor has failed to provide sufficient facts and authorities to show that it is entitled to judgment as a matter of law.

Debtor claims the IRA account as exempt under K.S.A. 60-2308, which provides in part:

---

[12] Fed. R. Bankr. Pro. 4003(c).

[13] Fed. R. Civ. P. 56(c). Future references to the rules in the text shall be to the rule number only.

6

Case 05-26556    Doc# 102    Filed 08/13/07    Page 6 of 14

> [A]ny interest of any participant or beneficiary in, a retirement plan which is qualified under sections 401(a), 403(a), 403(b), 408, 408A or 409 of the federal internal revenue code of 1986 and amendments thereto shall be exempt from any and all claims of creditors of the beneficiary or participant. Any such plan shall be conclusively presumed to be a spendthrift trust under these statutes and the common law of the state.

In Kansas, a bankruptcy debtor may claim an IRA exempt pursuant to this statute.[14]

In its memorandum, Creditor relies upon a two-step argument when objecting to exemption of the IRA. The first premise is that the "ESOP was not qualified by reason of its noncompliance with Rev. Rul. 2004-4." The second step is that "if the ESOP did not comply, then the IRA assets are not exempt." The Court rejects Creditor's position based upon lack of proof of the first contention.

As to the alleged nonqualification of the ESOP, Creditor presents no expert opinion,[15] cites to no pension authorities, and presents insufficient facts supporting its position. Creditor's memorandum argues that, pursuant to Revenue Ruling 2004-4,[16] each year Debtor owned 50% of the beneficial shares of the ESOP would be a "nonallocation year" under the ESOP rules, which could result in an excise tax of up 50% against the employer corporation. The facts do not include any reference to the imposition of an excise tax. Facts necessary to determine the date

---

[14] *In re Galvin*, 121 B.R. 79 (Bankr D. Kan. 1990).

[15] Expert testimony has been admitted and relied upon in IRA exemption litigation. *E.g, In re Luttge*, 204 B.R. 259, 262 (Bankr. S.D. Fla. 1997) (Debtor's expert testified that at the time the plan was adopted, it satisfied all requirements of the Internal Revenue Code and that following its adoption it was operated in accord with the tax code).

[16] Revenue Ruling 2004-4 concerns the application of IRC 409(p) enacted in 2001 and generally effective for plan years beginning after December 31, 2004. However, IRC 409(p) is effective for plan years ending after March 14, 2001 for an ESOP that is established after that date or if the employer securities held by the plan consist of stock in an S corporation that did not have an S election in effect on that date.

7

on which IRC 409(p), which was implemented by Revenue Ruling 2004-4, became effective as to the ESOP are not provided, so the Court has no idea what year such a tax might have been imposed under Creditor's theory.  Further, the Court's review of Revenue Ruling 2004-4 leads it to conclude that as to the ESOP in issue, which was created in December 2000, the ruling addressed plan years beginning after December 31, 2004.  The rollover of the ESOP was completed before that date.  Moreover, assuming that IRC 409(p) and Revenue Ruling 2004-4 were applicable and the criteria not satisfied, Creditor supplies no arguments or authorities identifying consequences, other than an excise tax, or how an excise tax equates to non qualification.  Revenue Ruling 2004-4, the only cited statutory authority, does not provide a basis to find the ESOP unqualified.

At the status conference held while this matter was under advisement, counsel for Creditor appeared to change his argument.  He acknowledged, in accord with the uncontroverted facts, that the ESOP was properly established, but contended that it was not operated in compliance with law because it was not sufficiently separated from the taxpayer.  He relied upon Debtor's statement of fact that "in addition to salary, Volo [Debtor's employer] pays for Debtor and the other employee's basic living expenses."[17]  This is similar to the uncontroverted fact submitted to support Creditor's motion that during the period of the ESOP, Volo Holdings paid for "housing, insurance, car, auto insurance, health insurance, utilities, basic utilities and housing of Debtor."[18]  Counsel argued that Debtor, together with the other employee of Volvo, determined "anything and everything concerning the assets within the ESOP so there was never

---

[17] Doc. 94, p. 7.

[18] Doc. 94, controverting in part Doc. 82, ¶ 14.

8

a separation between the ESOP and the corporation and these two fellows."[19] However, the uncontroverted facts submitted by the Creditor in support of summary judgment do not address operation of the assets in the ESOP or separation between the ESOP and the corporation.[20] Further, assuming that there were facts suggesting problems with operation or lack of separation, Creditor has provided no legal standard against which those facts could be evaluated. The facts therefore do not support this theory of the Creditor.

Creditor provides no legal authorities, such as statutes or regulations, that state standards for operation of an ESOP or consequences for noncompliance. Creditor cites three cases, but none of them provide a basis for the Court to deny Debtor's exemption. *In re Plunk*,[21] said by Creditor to be on "all fours" with this case, held that a bankruptcy court, when applying the Texas exemption statute for IRS qualified pension plans, is not bound by an IRS qualification ruling made when the plan was established and may, based upon evidence of abuse, determine that disqualification is warranted. In that case, the debtor did not appeal the finding that he had abused the plan's assets and that such abuse warranted disqualification. Therefore, no facts or authorities are included in the opinion regarding grounds for disqualification. The circuit court merely held that when the disqualifying events occurred after the IRS had last determined that a plan is qualified, a court may, under the Texas exemption statute, determine that the plan is no longer qualified based upon those events. In this case, Creditor has not presented evidence or

---

[19] Tr. May 23, 2007, p.7.

[20] Debtor's statement of additional uncontroverted facts also do not address any irregularities in operation or separation of the ESOP, so if those facts were considered, they would not change the Court's conclusion.

[21] *Plunk v. Yaquinto (In re Plunk)*, 481 F.3d 302 (5th Cir. 2007).

9

authorities upon which this Court could find disqualification of the ESOP or the IRA, so the Court need not reach the issue of court authority determined in *Plunk*.[21]

Creditor also relies upon *In re Feldman*[22] where the court held that a trust which contained funds deposited pursuant to a pension plan which was not qualified under section 401 of the IRC because of noncompliance with applicable vesting and minimum benefit provisions was not exempt under New York law. In this case, Creditor has failed to establish federal disqualification of the ESOP or the IRA.

Finally, Creditor cites *In re Hipple*,[23] where the exemption of three plans was challenged. The alleged disqualifying circumstances related to two matters. The first was that no contribution had been made for an allegedly qualified person. The court found that plan amendments approved by the IRS cured any problem in this regard. The second was an objection that the Debtor was a disqualified person who engaged in a prohibited transaction of self dealing related to distribution from a SEP/IRA. This was also rejected as a basis to disqualify. The court found all the plans qualified for exemption and the only assets relating to the plans which were property of the estate were CDs which were proceeds from withdrawals from one of the plans. There are no facts presented in this case which would disqualify the ESOP for any of the reasons before the court in *Hipple*.

This Court is not an expert in pension plan law and will not on this record and authorities presented here evaluate the qualification of the ESOP in the manner urged by Creditor. The

---

[22] 171 B.R. 731, 733 (Bankr. E.D. N.Y. 1994).

[23] 225 B.R. 808 (Bankr. N.D. Ga. 1996).

10

Campbell tax counsel memorandum, prepared for the United States Trustee and presented by Creditor in support of its objection, when discussing the ESOP and the IRA, states that "[a]ssets were transferred directly from one qualified plan to another." Creditor has provided no basis for the Court to rule to the contrary. This case illustrates the wisdom of the local rule which provides that "[a]ll briefs and memoranda filed with the court must contain . . . the argument, which must refer to all statutes, rules and authorities relied upon."[24]

Because this Court has determined that there is no basis to find the ESOP became disqualified, the Court will not address Creditor's second argument that because the assets rolled out of the ESOP were not qualified assets, the IRA cannot be said to make those same assets exempt.

Creditor's motion for summary judgment is denied for the foregoing reasons. Creditor has not shown that, under the uncontroverted facts presented, it is entitled to judgment as a matter of law.

### B. Debtor's cross motion for summary judgment.

Debtor moves for summary judgment on the premise that Creditor has failed to sustain its burden of proof to establish that Debtor is not entitled to the exemption. Summary judgment in favor of the Debtor, who does not have the burden of proof, can be entered if the party objecting to the exemption has insufficient evidence to prevail as a matter of law. The Debtor, as the moving party, bears the initial burden to establish its "presumptive entitlement to summary judgment in the absence of an adequate response by the nonmovant."[25] "In moving for summary

---

[24] Bankr. D. Kan. L.R. 9013.1(a)(4).

[25] 11 *Moore's Federal Practice - Civil* § 56.13[1] (2007), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("a party seeking summary judgment always bears the initial responsibility of informing the

11

Case 05-26556   Doc# 102   Filed 08/13/07   Page 11 of 14

judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim."[26] "Once the movant has sustained this initial burden of production, the burden shifts to the nonmovant to show the court that there is in fact a genuine issue for trial"[27] and to "articulate a legal argument precluding summary judgment on the record before the court."[28]

In this case, Debtor moves for summary judgment and argues that Creditor has failed to establish facts or a legal theory sufficient to prevail on its objection to exemption of the IRA. Debtor makes three arguments. First, he asserts there is no evidence that the ESOP was not properly established. In support, Creditor provided uncontroverted statements of fact evidencing that the ESOP was formed in compliance with Federal and state law, filed all of the proper reports with the Department of Labor, and had an official annual meeting. At argument on the motions, Creditor's counsel agreed with this position.

Next Debtor argues that there is no evidence that the ESOP was not operated in compliance with law. Debtor's uncontroverted facts establish that all of the proper reports were filed with the Department of Labor, and the ESOP had an official annual meeting. It is uncontroverted that the ESOP was offered only to Debtor and Rook, the only employees of

---

district court of the basis for the motion").

[26] *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2nd Cir. 1995); *see Celotex Corp. v. Catrett*, 477 U.S. at 324-26.

[27] 11 *Moore's Federal Practice - Civil* § 56.13[2] (2007), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[28] *Id*. at § 56.13[4].

12

Volvo Holdings who complied with the IRS standards for participation in the ESOP. Volvo, not the ESOP, paid Debtor a salary, supplemented by benefits for his basic living expenses. The ESOP did not loan money to Debtor.

As Debtor argues, the Court finds that these facts could not support a conclusion that Debtor improperly commingled funds or made transfers of assets to himself. In addition, Debtor argues that he is entitled to summary judgment on the theory that the ESOP was not properly operated, because assuming there was such evidence of possible inappropriate operation, Creditor has provided no legal standards against which those facts could be measured. The Court agrees.

Finally, Debtor argues that Creditor's arguments relating to Revenue Ruling 2004-4 do not destroy exempt status. The Court agrees for the reasons stated above when denying Creditor's motion for summary judgment.

The foregoing satisfy Debtor's burden as a party moving for summary judgment but not having the burden of proof to establish that the record lacks substantial evidence to support the Creditor's claim. Summary judgment standards therefore impose upon Creditor an affirmative duty to show to the Court that there is a genuine issue for trial and to articulate a legal argument which would preclude summary judgment based upon the record. Creditor did not do so. It failed to respond to Debtor's motion for summary judgment. The Court therefore must grant Debtor's motion.

The Court therefore finds that Debtor is entitled to summary judgment disallowing the objection to the exemption. The IRA is a retirement plan entitled to exemption under K.S.A. 60-2308.

13

**CONCLUSION.**

For the foregoing reasons, the Court denies the Creditor's motion for summary judgment on its objection to Debtor's exemption of his IRA held at the Bank of Onaga, grants the Debtor's cross motion for summary judgment, and holds that Debtor's IRA is exempt pursuant to K.S.A. 60-2308.

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

###